UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| DAPHNE HOLT, TRACY HOLT, JEFFREY HENSLEY, | ) ) ) | |
| Plaintiffs, | ) ) ) | NO. 2:16-CV-00092-MCLC |
| vs. | ) ) | |
| LAUDERDALE-HAMILTON, INC., SHARP TROUBLESHOOTING, JIM SHARP, | ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court, with the consent of the parties and order of reference pursuant to 28 U.S.C. § 636 [Doc. 11, *Order of Reference*]. Defendants Jim Sharp ("Sharp") and Sharp Troubleshooting ("Troubleshooting") have filed a motion to dismiss for lack of jurisdiction. [Doc. 16]. Plaintiffs have filed a response in opposition. [Doc. 21]. Oral arguments on this motion were heard on February 9, 2017. The matter is now ripe for resolution.

**I.     Background**

Plaintiffs, who are Tennessee residents, initially sued Lauderdale-Hamilton, Inc., a Mississippi corporation, in federal court under diversity jurisdiction pursuant to 28 U.S.C. § 1332 for the death of Jeffery Chad Hensley, alleging state tort claims of negligence relating to the design and manufacturer of both a table saw and lift table. Plaintiffs subsequently amended their complaint adding Sharp and Troubleshooting as additional parties, alleging, among other things, negligent installation of the lift table [Doc. 13]. Sharp is a Tennessee resident, and Troubleshooting is a sole proprietorship owned by Sharp with its principal place of business in

1

Tennessee. As a result of the amended complaint, Defendants aver that complete diversity no longer exists, thus destroying the Court's jurisdiction.[1]

## II. Analysis

United States Code Title 28 section 1332(a) provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States . . . ." It is well-established that for purposes of diversity jurisdiction, complete diversity amongst the parties must exist. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978). Generally, "'jurisdiction of the court depends upon the state of things at the time of the action brought.'" *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 570 (2004) (quoting *Mollan v. Torrance*, 9 Wheat. 537, 539 (1824)). "Like most general principles, however, this one is susceptible to exceptions. . . ." *Newman-Green, Inc. v. Alfonzo-Lopez*, 490 U.S. 826, 830 (1989). The Supreme Court noted in *Owen Equipment & Erection Co. v. Kroger* that "[w]hatever may have been the original purposes of diversity-of-citizenship jurisdiction, [the] subsequent [congressional] history clearly demonstrates a congressional mandate that diversity jurisdiction is not to be available when any plaintiff is a citizen of the same State as any defendant." *Owen Equip. & Erection Co.*, 437 U.S. at 373-74.

In *Owen Equipment & Erection Co.*, the plaintiff, an Iowa resident, sued a Nebraska company, Omaha Public Power District ("OPPD"), based solely on diversity jurisdiction under 28 U.S.C. § 1332. *Id.* at 369. OPPD then filed a third-party complaint against Owen Equipment & Erection Co. ("Owen") *Id.* Subsequently, the plaintiff amended her complaint to add Owen as a defendant as well. *Id.* at 368. OPPD was dismissed on summary judgment, leaving only Owen to

---

[1] No allegations of federal law exist.

proceed to trial. During trial, it was discovered that Owen was, in fact, actually based in Iowa, the same state as the plaintiff, making them nondiverse parties. *Id.* at 368. Owen moved for dismissal for lack of jurisdiction, which the district court denied. *Id.* The Court of Appeals for the Eighth affirmed, finding that the district court properly exercised its pendent jurisdiction over the claim. *Id.* The Supreme Court reversed, holding that the district court did not possess subject matter jurisdiction over the case as it lacked complete diversity of the parties. *Id.* at 375.

The Court explained that the amended complaint brought an independent action against Owen, which was not reliant in any part upon the resolution of the original claim. *Id.* at 376. Owen's liability was wholly separate from the liability of OPDD, the original defendant. *Id.* "A plaintiff cannot complain if ancillary jurisdiction does not encompass all of his possible claims in a case such as this one, since it is he who has chosen federal rather than the state forum and must thus accept its limitations." *Id.* The Court held that Congress's requirement of complete diversity would be "evaded completely" if the plaintiff were permitted to proceed with a state-based lawsuit against a nondiverse defendant in federal court in this sort of scenario. *Id.* at 375.

In this case, Plaintiffs concede that after they amended their complaint, complete diversity between the parties no longer exists. They, however, assert that diversity is assessed at the time the action is filed, and that no subsequent events can divest jurisdiction once it is established. Plaintiffs highlight *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991), where the Supreme Court held that the addition of a nondiverse party through an amended complaint did not destroy the court's diversity jurisdiction. They assert that *Freeport-McMoRan* is controlling precedent because in the instant matter, only one cause of action exists that requires the addition of the nondiverse Defendants for purposes of comparative fault.

3

Additionally, during oral argument, Plaintiffs' counsel argued that the holding in *Freeport-McMoRan* is not distinguishable from the instant matter, and that historically, the Supreme Court has consistently maintained, for purposes of actions originally filed federally, courts are to determine jurisdiction at the time of the original filing and never reassess. Amended complaints, they argue, do not require the courts to reevaluate jurisdiction unless it is a removal case, citing in general to *Rockwell Int'l Corp. v. United States*, 549 U.S. 457 (2007). While Plaintiffs concede they could not have brought this action in federal court against all of the currently-named Defendants, they contend that there is no basis to reevaluate jurisdiction and dismiss the case as it stands.

In *Freeport-McMoRan*, during the course of litigation, the plaintiff transferred its interest in the underlying contract to a limited partnership, FMP Operating Company ("FMPO"). *Freeport-McMoRan*, 498 U.S. at 427. Subsequently, the plaintiff sought leave to amend the complaint to substitute FMPO as a plaintiff under Fed.R.Civ.P. 25(c). *Id.* The motion was granted despite the fact that substituting FMPO as the plaintiff destroyed complete diversity. *Id.* The Supreme Court found that subject matter jurisdiction still existed, noting that "FMPO was not an 'indispensable' party at the time the complaint was filed." *Id.* at 428. The Court emphasized that "[a] contrary ruling could well have the effect of deterring normal business transactions during the pendency of what might be a lengthy litigation." *Id.* Interestingly, it specifically held that its holding did not overrule *Owen Equipment & Erection Co. Id.* at 429.

Unlike the added defendant in *Owen Equipment & Erection Co.*, FMPO's involvement was premised on the interest it acquired from the original plaintiff through the course of an ordinary business transaction and was substituted as a party per Rule 25(c). Fed.R.Civ.Pro. 25(c) provides "[i]f an interest in transferred, the action may be continued by or against the original party unless

4

the court, on motion orders the transferee to be substituted in the action or joined with the original party." As indicated, a Rule 25 substitution is concerned with the continuity of a case as opposed to the substantive rights of the parties. *See ELCA Enters., Inc. v. Sisco Equip. Rental & Sales, Inc.*, 53 F.3d 186, 191 (8th Cir. 1995) ("The rule is 'designed to allow an action to continue unabated when an interest in a lawsuit changes hands,' rather than requiring the initiation of an entirely new lawsuit." (internal citations omitted)); *The Charter Oak Fire Ins. Co. v. SSR, Inc.*, 2015 WL 10890126, at *4 (E.D. Ky. Jul. 13, 2016) ("Rule 25 is a 'procedural device designed to facilitate the conduct of a case, and does not affect the substantive rights of the party or the transferee.'") (internal citations omitted)).

Fed.R.Civ.Pro. 14, as well as Rules 19 and 20, conversely, are tools plaintiffs may use to initiate independent claims against new parties. As such, numerous courts have held that the *Freeport-McMoRan* holding is limited to cases involving amendments brought pursuant to Fed.R.Civ.Pro. 25. *See Ingram v. CSX Transp., Inc.*, 146 F.3d 858, 861 (11th Cir. 1998) ("*Freeport* does not stand for the proposition that *all* additions of nondiverse parties are permissible as long as complete diversity existed at the time of commencement of the lawsuit. Instead, the holding in *Freeport* relies upon the assignee's having been substituted as a plaintiff under Fed. R. Civ. P. 25(c). In this case, the [new defendant]'s addition was unrelated to rule 25. As a result, we find *Freeport* to be inapplicable."); *see also Estate of Alvarez v. Donaldson Co., Inc.*, 213 F.3d 993, 995 (7th Cir. 2000) (compiling cases from four circuit courts of appeal holding that *Freeport-McMoRan* is limited to Rule 25 substitutions); *Kujat v. Harbor Freight Tools USA, Inc.*, 2010 WL 3463928, at *2 n.1 (E.D. Mich. Aug. 30, 2010) (finding *Freeport-McMoRan* does not apply to the addition of parties pursuant to Rule 15).

5

Although the Sixth Circuit has yet to directly address this issue, the Court is persuaded by the reasoning of the various other circuits and finds that *Freeport-McMoRan* is limited to the substitution of parties under Rule 25.[2] Indeed, as the Supreme Court has noted, permitting such amendments without dismissal would allow plaintiffs to "defeat the statutory requirement of complete diversity by the simple expedient of suing only those defendants who were of diverse citizenship and waiting for them to implead nondiverse defendants." *Owen Equip. & Erection Co.*, 437 U.S. at 374.[3]

Reassessing subject matter jurisdiction after an amended complaint adds new parties also comports with the impact of such an amendment. "An amended complaint supercedes all prior complaints," causing the original complaint to be rendered a "nullity." *Drake v. City of Detroit, MI.*, 266 F. App'x 444, 448 (6th Cir. 2008); *see Hayward v. Cleveland Clinic Foundation*, 759

---

[2] The Sixth Circuit has, however, reassessed jurisdiction following changes in party alignment as a matter of course. For instance, in *Safeco Ins. Co. of A. v. City of White House, Tenn*, 36 F.3d 540, 545 (6th Cir. 1994), the plaintiff moved to realign the parties based upon their real interests in the dispute, resulting in a lack of complete diversity. Following the motion, the district court dismissed the nondiverse, dispensable party under Fed.R.Civ.Pro. 21 in order to retain subject matter jurisdiction. *Id.* The Sixth Circuit affirmed, finding that the dismissal of the party was appropriate and permitted the court to retain jurisdiction. *Id.* Notable about this case is that the courts acknowledged the realignment of parties—which occurred subsequent to the original filing—would divest the court of subject matter jurisdiction because the realignment destroyed complete diversity. The removal of the nondiverse party pursuant to Rule 21 was the key to the court retaining jurisdiction.

[3] This conclusion also aligns with congressional intent. The Sixth Circuit explained in *Grimes v. Mazda N. Am. Operations* that "[t]he supplemental jurisdiction provision, 28 U.S.C. § 1367(b), states congressional intent to prevent original plaintiffs—but not defendants or third parties—from circumventing the requirements of diversity." 355 F.3d 566, 572 (6th Cir. 2004) (citing H.R.Rep. No. 101–734, at 29 (1990), reprinted in 1990 U.S.C.C.A.N. 6860, 6875 (explaining that the purpose of § 1367(b) is to prevent "plaintiffs [from being able] to evade the jurisdictional requirement of 28 U.S.C. § 1332 by the simple expedient of naming initially only those defendants whose joinder satisfies section 1332's requirements and later adding claims not within original federal jurisdiction against other defendants who have intervened or been joined on a supplemental basis.").

F.3d 601, 617 (6th Cir. 2014). As the Sixth Circuit has highlighted, the leading civil procedure treatise explains that "'[o]nce an amended pleading is interposed, the original pleading no longer performs any function in the case.'" *B&H Med., L.L.C. v. ABP Admin., Inc.*, 526 F.3d 257, 267 n.8 (6th Cir. 2001)(quoting 6 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1476 (2d ed. 1990)). If an amended complaint is then the controlling pleading, it logically follows that subject matter jurisdiction must be analyzed under it as opposed to the nullified original complaint.

It is undisputed that the addition of Sharp and Troubleshooting as defendants destroyed complete diversity. The allegations against them are wholly separate and independent from the claims against Lauderdale-Hamilton, the original diverse Defendant. Their liability is not dependent upon whether Lauderdale-Hamilton is also liable. Thus, the added claims are not ancillary to the original ones. *See Owen Equip. & Erection Co.*, 437 U.S. at 376. As complete diversity no longer exists, the Court is divested of subject matter jurisdiction.[4] Accordingly, Defendants' motion to dismiss for lack of jurisdiction [Doc. 16] is GRANTED, and the case is DISMISSED in its entirety.

SO ORDERED:

s/Clifton L. Corker
United States Magistrate Judge

---

[4] The Court notes that Tennessee Code Annotated § 28-1-115 controls limitations on actions dismissed by federal courts for lack of jurisdiction. Section 28-1-115 provides that "[n]otwithstanding any applicable statute of limitation to the contrary, any party filing an action in federal court that is subsequently dismissed for lack of jurisdiction shall have one (1) year from the date of such dismissal to timely file such action in an appropriate state court." Thus, Plaintiffs are not prejudiced by the Court's dismissal of its federal suit.